## MACK ANDERSON v. THE STATE.

### No. 335. Decided January 27.

**Judgment in Felonies, Requisites of.** — Under express provisions of article 791, Code of Criminal Procedure, it is required that a judgment of conviction in a felony case must show and recite the fact that a jury was selected, empanelled, and sworn in the case; and a judgment in such a case which fails to show that fact, is fatally defective and insufficient.

APPEAL from the District Court of Fort Bend. Tried below before Hon. T. S. REESE.

At his trial under an indictment for the murder of one Rufus Love, appellant was convicted of murder of the second degree, the punishment assessed being imprisonment for twenty-five years in the penitentiary.

In view of the disposition made of the case on this appeal, it is unnecessary to make a statement of the facts proved on the trial. The judgment as entered is as follows, viz.:

"*The State of Texas v. Mack Anderson.*—No. 3360.—October13, 1893.— This day this cause was called for trial, and the State appeared by her district attorney, and the defendant, Mack Anderson, appeared in person in open court, his counsel also being present, and the said defendant, Mack Anderson, having been duly arraigned and having pleaded not guilty to the indictment herein, both parties announced ready for trial, and thereupon a jury, to-wit, Frank Rugeley and eleven others, was duly charged by the court, retired in the charge of the proper officer to consider of their verdict, and afterwards were brought into open court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the court, and is here now entered upon the minutes of the court, to-wit:

" We, the jury, find the defendant, Mack Anderson, guilty of murder in the second degree, and assess his punishment at confinement in the State penitentiary for twenty-five years.

" FRANK RUGELEY, Foreman.

" It is therefore considered by and adjudged by the court, that the defendant, Mack Anderson, is guilty of murder in the second degree, as found by the jury, and that he be punished, as has been found by the jury, with confinement in the penitentiary for the period of twenty-five years, and that he be remanded to jail to await the further order of this court herein."

No briefs on file.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for murder in the second degree.

The judgment fails to show that a jury was selected, empanelled, and sworn in the case. This is one of the statutory requisites of judgments in felonies in this State. Code Crim. Proc., arts. 791, 642; Willson's Crim. Proc., sec. 2290.

We pretermit any discussion of the error assigned upon the refusal of the court to grant defendant's request to have service of a copy of the indictment, as it will not arise upon another trial. We find no error in the remaining questions suggested for reversal.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.