Len STUEBGEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 52706.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

**30**

John T. White, Borger, for appellant.

Steven F. Cross, Dist. Atty., and Dale W. Elliott, Asst. Dist. Atty., Borger, Jim D.

Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for forgery. After the jury returned a verdict of guilty, the court assessed punishment at ten years.

At the outset, the State urges that nothing is before this Court for review because the transcription of the court reporter's notes was not timely filed.

The record reflects that on March 11, 1975, appellant was tried, found guilty, his punishment assessed, and sentence pronounced after appellant waived the statutory ten day period to file a motion for new trial. Appellant gave notice of appeal on the same date.

The district clerk notified the attorneys for both sides that the record was complete on August 14, 1975. A motion for extension of time to file the transcription of the court reporter's notes was filed by the court reporter on August 25, 1975. On the same date, the court granted the motion extending the time for filing the transcription until November 1, 1975. The record further reflects that the trial court approved the record on August 29, 1975.

On November 1, 1975, the trial court granted another extension of time to file the court reporter's notes until November 5, 1975. The transcription of the court reporter's notes was filed with the trial court on November 4, 1975.

On February 18, 1976, the district clerk again notified the district attorney and the attorney for appellant that the record was complete. The record was approved by the trial court a second time on March 4, 1976. Appellant filed his appellate brief on March 8, 1976, and the record was filed in the Court of Criminal Appeals on June 29, 1976.

The State relies primarily upon *Conerly v. State*, Tex.Cr.App., 412 S.W.2d 909, where we held:

"Appellant's motion for extension of time to file a statement of facts . . . filed after the record on appeal had been approved by the court—without objection, and filed with the clerk, came too late."

In *Heck v. State*, Tex.Cr.App., 507 S.W.2d 737, we held that *Conerly*, supra, is distinguishable from a case where the trial court approves the record but subsequently grants an extension of time to file a transcription of the court reporter's notes. We held in *Heck*, supra, that an order extending the time to file a transcription of the court reporter's notes, subsequent to the trial court's approval of the record, constitutes a supplemental approval of the record within Art. 40.09, Sec. 3, V.A.C.C.P., which provides in pertinent part:

". . . The times herein provided for filing transcription of the notes of the reporter may be extended by the court for good cause shown, and the court shall have the power, in term time or vacation, on application for good cause to extend for as many times as deemed necessary the time for preparation and filing of the transcription, and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law."

Here, although the trial court approved the record on August 29, 1975, it granted two extensions for filing of the transcription of. the court reporter's notes until November 5, 1975. The trial court approved the record for a second time on March 4, 1976. We find that the order extending the date for filing the transcription and the second approval by the trial court of the record, long before it was transmitted to this Court, constituted a supplemental approval of the record. See *Heck v. State*, supra.

Appellant in his sole ground of error challenges the sufficiency of the evidence, contending that the State has failed to show that he acted with intent to defraud or harm another.

Maxine Nicholas, an employee of Holt Food Company, testified that on December 5, 1974, she cashed a check for appellant for $81.00. The check was made payable to appellant and "Bill Chitwood" was shown as maker of the check. Nicholas did not know who wrote the check. The check was later returned to Holt Food Company stamped, "signature forged." Bill Tom Chitwood testified that the check passed was his personalized check, but that the signature on the check was not his. Chitwood stated that appellant was an employee of his contracting firm in November and December of 1974, that Chitwood kept his checkbook in his pickup, and that three to five employees rode in his pickup daily during that period, including appellant. Chitwood further stated that it was his usual practice to personally pay his employees weekly by check. He could not recall having another employee hand out the checks during November and December, 1974, even though he could recall such an occurrence sometime in the summer of 1974. Chitwood was not familiar with the handwriting of any of his employees. Testifying at the guilt stage of the trial, Chitwood stated that he would "hire him [appellant] back" if he had a "job going."

V.T.C.A. Penal Code, Sec. 32.21(b), provides that a person commits the offense of forgery if he "forges a writing with intent to defraud or harm another." Thus, a necessary element of forgery is that an accused have the intent to defraud or harm another. In a prosecution for forgery, the burden is on the prosecution to prove every element of the offense charged, *Reed v. State*, Tex.Cr.App., 533 S.W.2d 35. Scienter may be established by circumstantial evidence. 25 Tex.Jur.2d, *Forgery*, Sec. 57 (1961).

Our former Penal Code defined the elements of passing a forged instrument to be: (1) A person must pass as true (2) a forged instrument in writing, (3) knowing that it was forged at the time of the passing. Articles 996, 979, V.A.P.C.; *Byrom v. State*,

**32**

Tex.Cr.App., 528 S.W.2d 224. Thus, the former statute did not denominate the culpable mental state to be intent to defraud or harm.

In *Jones v. State*, 545 S.W.2d 771 (1975), this Court, while holding (on motion for rehearing) that an indictment was not *fundamentally* defective (under Sec. 32.21(b), supra) for failing to allege that the defendant passed the check knowing it was forged, found that, ". . . knowledge that the instrument is forged is an element which is strongly implied in the statutory definition of forgery."

V.T.C.A. Penal Code, Sec. 6.03(a), states that "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

■ When the intent to defraud is the gist of the offense, the State must prove facts from which such an intent is deducible beyond a reasonable doubt and, in the absence of such proof, a conviction will not be justified. *Arnwine v. State*, 167 Tex.Cr.R. 386, 320 S.W.2d 353.

■ While the requisite culpable mental state under Sec. 32.21(b) is "intent to defraud or harm," we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged.[1]

In *Colburn v. State*, Tex.Cr.App., 501 S.W.2d 680, evidence was found sufficient to show that defendant knew the check was forged where there was proof that extensive investigation revealed that no person could be found possessing the name listed as maker of the check, the defendant had represented that the check was for hauling pulpwood, and that it was a "good check."

In *Golden v. State*, Tex.Cr.App., 475 S.W.2d 273, proof was found sufficient where the defendant stated, when passing the check, that the maker was an insurance man and the evidence reflected that the

man listed as maker of the check was fictitious.

Evidence was held sufficient to show knowledge that the instrument was forged in *Phillips v. State*, Tex.Cr.App., 488 S.W.2d 97, where the defendant falsely represented himself as payee of the check, endorsed it in the presence of the supermarket cashier, and gave false information about the maker of the check to the supermarket manager.

In *Hilton v. State*, Tex.Cr.App., 443 S.W.2d 843, evidence that the check was stolen from defendant's roommate, and that the defendant had possession of the check and falsely stated that it was a check from his roommate for rent at the time of cashing the check, was held sufficient to show that the defendant knew the check was forged and to support conviction for passing as true a forged instrument.

In *Castanuela v. State*, Tex.Cr.App., 435 S.W.2d 146, cited by appellant, it was held that the fact that defendant "cashed the forged check in question and endorsed his name thereon, with an incorrect address, is sufficient to warrant the jury's conclusion that he knew the check was a forgery when he passed it."

■ In the instant case, the record reflects that appellant made no statement from which it could be inferred that he knew the instrument was forged. Appellant was listed as the payee, and appellant did not falsely represent himself. No evidence was introduced to show that anything appearing on the check was in appellant's handwriting. Although appellant had access to Chitwood's checkbook, and Chitwood normally paid his employees personally, we do not find that this evidence is sufficient to discharge the State's burden of showing that appellant acted with intent "to defraud or harm another."

We do not find the evidence sufficient to show that appellant knew the instrument he passed was forged. If there be other means of showing intent "to defraud or

1. The court instructed the jury in its charge that they must find beyond a reasonable doubt, ". . . at the very time the defendant

passed the instrument in question to Maxine Nicholas, if he did, he knew the same was forged, if it was, . . .."

harm another" in cases such as this, which we are presently unable to envision, the record in the instant case is devoid of same.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.