Jessie Lee USSERY, Appellant,

v.

The STATE of Texas, State.

No. 2-81-063-CR.

Court of Appeals of Texas, Fort Worth.

Feb. 24, 1982.

Royce Coleman, Denton, for appellants.

Michael Grazier, Asst. Dist. Atty., Denton, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of forgery. A verdict of guilty was returned by the jury and punishment was assessed by the trial court at seven years confinement in the Texas Department of Corrections.

Affirmed.

Appellant asserts but one ground of error: The evidence is factually and legally insufficient to support a conviction inasmuch as there is no evidence and/or insufficient evidence to show knowledge on the part of appellant that he either altered the instrument in question or knew that same was altered.

In considering the ground of error, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

To discharge our duty in this respect, we summarize the evidence as follows. Appellant, Jessie L. Ussery, was employed by Denton Truck Stop as a dishwasher at an hourly rate of $2.65. After rendering ten hours of service in late August, 1978, he was given, on September 4, 1978, a payroll check (bearing date of September 4, 1978) in the amount of $17.24 by Dale Green, who handled the accounting and financial and office operations of Denton Truck Stop. On that same date, appellant presented that payroll check to a clerk at a Piggly Wiggly Store in Denton, Texas, and received $99.24. The check was originally written for $17.24 and bore a check protector imprint reflecting the same figure. However, at the time the check was presented for payment the line on the face of the check which was originally written to read $17.24 had been altered to read $99.24. The check protector imprint was not altered. There was no dispute that the check, made payable to Jessie L. Ussery, was in fact endorsed by Jessie L. Ussery. The offense was committed by the alteration of the numerals noted above.

Appellant correctly asserts that his case is not under *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977). In *Stuebgen v. State, supra*, at page 32, the Court said:

In the instant case, the record reflects that appellant made no statement from which it could be inferred that he knew the instrument was forged. Appellant was listed as the payee, and appellant did not falsely represent himself. No evidence was introduced to show that anything appearing on the check was in appellant's handwriting. Although appellant had access to Chitwood's checkbook, and Chitwood normally paid his employees personally, we do not find that this evidence is sufficient to discharge the State's burden of showing that appellant acted with intent 'to defraud or harm another.'

We note that in *Stuebgen v. State, supra*, three to five employees, one of whom was the appellant, had access to the checkbook from which the forged check was obtained, whereas in the case at bar, and on the record before us, from the time the check had been delivered to appellant in its original written state and until presented by him for payment in an altered state, only the appellant had control over the check. Moreover, appellant knew the number of hours he had worked and knew or should have known that $99.24 would be excessive payment for his services. "Scienter may be established by circumstantial evidence." *Stuebgen v. State, supra*.

On the record, which we have viewed in its entirety, we hold that the jury was justified in returning the verdict of guilty.

The ground of error is overruled.

The judgment of the trial court is affirmed.