David VERA, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–84–420–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Sept. 19, 1985.

Ron Brazell, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for forgery. The appellant was sentenced by the jury to a term of ten years in the Texas Department of Corrections.

On appeal, appellant challenges the sufficiency of the evidence to support his conviction. Particularly, he claims that there was no evidence or, alternatively, insufficient evidence that he passed a forged check with intent to defraud or harm another or that he had knowledge that the check was forged. A necessary element of forgery by passing is that an accused have the intent to defraud or harm another. TEX.PEN.CODE ANN. § 32.21(b) (Vernon 1974).

▬ An individual acts with intent when it is his conscious objective or desire to engage in the conduct or cause the result. TEX.PEN.CODE ANN. § 6.03 (Vernon 1974). Scienter, in a forgery case, may be established by circumstantial evidence. *Stuebgen v. State*, 547 S.W.2d 29 (Tex. Crim.App.1977). A review of the evidence is necessary to determine whether the State met its burden of proving the requisite intent.

The State's case consisted of four witnesses. Edward Hayek, manager of the Coastal Bend Gin Company, testified that a check in the amount of $276.83 had been made out to Bernsen Brothers and Sons as payment for hauling grain. He testified the check which he signed was not in the same condition as when he signed it. It now bore appellant's name. The check, admitted into evidence, shows David Richard Vera, Sr. as payee and bears a notation in the lower left hand corner which says "hauling Grain." Mr. Hayek further testified that he had never met appellant nor had appellant ever hauled grain for him.

Maurice Bernsen testified that he was a farmer. In addition to farming, he and his brother had a trucking business. According to Bernsen, they hauled some grain for Coastal Bend Gin Company and had been paid for their services. Bernsen indicated that his brother had put the check in his pickup truck. He claimed that he did not look at the date, amount or payee of the check. But, he claimed that he knew the check was in his truck because he saw it. He discovered that the check was missing after his truck had been broken into. He reported the missing check to Coastal Bend Gin Company, who issued him another check for the same amount. He testified that he did not know the appellant.

Edna Thomas, an employee of Atlas Iron and Metals, testified that, on May 20, 1984, appellant passed the check in question to her. She testified that she knew appellant and had cashed checks for him on other occasions.

Ernest Wilson of the Identification system section of the Corpus Christi Police Department testified that he found appellant's fingerprints on the check in question.

▬ The mere act of presenting a forged instrument, without more, is not a per se violation of TEX.PEN.CODE ANN. § 32.21 (Vernon 1974). *Pfleging v. State*, 572 S.W.2d 517 (Tex.Crim.App.1978). However, in the case at bar, the State proved, unequivocally, that the appellant passed an instrument which was forged. It was incumbent upon the State to also show the requisite intent by proving that appellant had knowledge the instrument was forged.

The jury in this case had the check before them when they made their decision. The check appeared visibly altered. The printed line upon which the name of the payee is written appears erased. This was certainly a circumstance the jury could have considered in reaching their verdict.

Likewise, the notation in the left corner of the check which read "hauling Grain"

was a circumstance which was proper for the jury to consider. In *Thomas v. State,* 629 S.W.2d 144 (Tex.App.—Dallas 1982, no pet.), knowledge was imputed to the defendant by a showing that he had contacted a bank employee before passing a payroll check which showed on its face "12/20 Payroll." There, the Court held that the appellant knew that he had never been employed by the maker of the check and found that the State had circumstantially proven its case. Similarly, in *Ussery v. State,* 635 S.W.2d 425 (Tex.App.—Fort Worth 1982, no pet.), the defendant was issued a payroll check for $17.24. He passed a check which had been altered to read $99.24. The court found that the defendant had been solely in control of the check and had knowledge of the number of hours he worked and should have known that $99.24 would have been excessive payment for his services. The court affirmed the conviction holding that scienter had been established by circumstantial evidence.

Again, in the case at bar, the check passed by the appellant bore a memo in the lower left hand corner of the check which said "hauling Grain." The evidence was undisputed that appellant had never hauled grain for the maker of the check. We hold that this writing, in addition to the visible alteration of the check, was sufficient to show that appellant had knowledge that the check was forged.

Appellant's grounds of error are overruled. The conviction is AFFIRMED.