**Opinion filed September 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00292-CR

_____

## STEPHANIE LAVON WORD A/K/A STEPHANIE PAYNE A/K/A STEPHANIE WORD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 18770B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Stephanie Lavon Word a/k/a Stephanie Payne a/k/a Stephanie Word of forgery by possessing counterfeit currency with the intent to pass it. *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(C), (b), (e) (West 2011). Appellant pleaded "true" to a prior felony conviction alleged for enhancement purposes. The trial court assessed her punishment at imprisonment for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue,

Appellant contends that the evidence presented at trial was insufficient to support her conviction. We affirm.

*Background Facts*

On June 13, 2012, Appellant purchased a drink at the Lucky Mule Saloon with a $100 bill at one register and then later purchased drinks at a different register using another $100 bill. As the employees of the Lucky Mule were closing down the bar, cashiers from the two registers identified two $100 bills as being counterfeit by using counterfeit detector pens. According to the general manager, the bills did not feel right and did not look real to him. He stated that the bills felt "like a dryer sheet" and "[did not] appear to be cut right."

Police officers interviewed Appellant after Lucky Mule employees identified her from a photo lineup as the person who had passed one of the counterfeit $100 bills.[1] In a videotaped interview with Detective John Clark and Agent Adam Newman, Appellant stated that she was not aware the $100 bills were counterfeit. She told the officers that she obtained the $100 bills from a Hispanic male outside a convenience store after the man asked her if she had change for the $100 bills. Appellant said that she was able to give the man change because she had just cashed her paycheck at Abilene Teachers Federal Credit Union (ATFCU) and had the money to make change. However, Appellant's transaction history at ATFCU did not correspond with her statement. Appellant's only transaction in June at ATFCU was a cashed check for $54.74 on June 5.

*Analysis*

In her sole issue, Appellant challenges the sufficiency of the evidence to support her conviction. We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge,

---

[1]Appellant could only be conclusively linked to one of the counterfeit $100 bills because one of the cashiers had accepted more than one $100 bill that evening.

under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

There is no dispute that Appellant passed at least one counterfeit $100 bill at the Lucky Mule. Appellant contends that the evidence was insufficient to show that she acted with intent to harm or defraud another because the evidence did not show that she knew the $100 bill was counterfeit. Forgery requires the State to prove that the defendant acted "with intent to defraud or harm another." PENAL § 32.21(b); *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2013). "When intent to defraud is the *mens rea* of the offense, the State must prove facts from which that intent is deducible beyond a reasonable doubt and, in the absence of that proof, a conviction will not be justified." *Okonkwo*, 398 S.W.3d at 695 (citing *Stuebgen v.*

3

*State*, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977)).  Beyond a reasonable doubt does not require the State to disprove every conceivable alternative to a defendant's guilt. *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) (citing *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012)).  "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction."  *Id.* at 809. Intent may be inferred from circumstantial evidence, such as words, acts, or conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).  However, intent to defraud cannot be inferred from mere evidence of possession, passage, or presentment of a forged instrument.  *Albrecht v. State*, 486 S.W.2d 97, 102 (Tex. Crim. App. 1972); *Johnson v. State*, 425 S.W.3d 516, 520 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

We initially note the evidence concerning the suspicious appearance of the counterfeit bills.  Additionally, Appellant's account of how she acquired the $100 bills that she used at the Lucky Mule could not be verified.  During her interview, Appellant stated that the man she received the $100 bills from was driving a purple vehicle with El Paso license plates, but Texas license plates do not have county names on them.  Detective Clark testified that he asked Appellant about how she knew the plates were from El Paso and that he was not able to get a straight answer from her.  Additionally, Appellant stated that she was able to give the man change because she had just cashed her check at ATFCU, but her transaction history did not correspond with this statement.  Furthermore, testimony regarding the surveillance footage at the Lucky Mule showed that Appellant made two separate transactions at two separate registers, each with a $100 bill.  While the intent to defraud cannot be inferred from the mere passage of a forged instrument, Appellant's use of two $100 bills to make relatively small purchases suggests that she was attempting to convert

4

counterfeit currency into legal tender.  Viewed collectively in the light most favorable to the jury's verdict, these items of circumstantial evidence support an inference that Appellant knew that at least one of the $100 bills was counterfeit and that she passed it with the intent to defraud.  We conclude that a rational jury could have found each element of the charged offense beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319.  We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

September 30, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.