James Donald CRITTENDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 65270.

Court of Criminal Appeals of Texas,
En Banc.

June 20, 1984.

Lane Arthur, Lubbock, for appellant.

John T. Montford, Dist. Atty., and Mark McBride, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction for forgery. Punishment, enhanced by one prior conviction, was assessed at sixteen years' confinement.

In his first ground of error, appellant urges that the evidence is insufficient to show that he had any knowledge that the check was forged and thus there is no proof that appellant possessed the requisite intent to harm or defraud any person. Under V.T.C.A., Penal Code, Section 32.21(b), an offense is committed if one "forges a writing with intent to defraud or harm another". This Court has held on numerous occasions that this intent to defraud or harm another is a necessary element of the offense of forgery. *Solis v. State*, 611 S.W.2d 433, 434 (Tex.Cr.App.1981); *Pfleging v. State*, 572 S.W.2d 517, 519 (Tex.Cr. App.1978); *Stuebgen v. State*, 547 S.W.2d 29, 31 (Tex.Cr.App.1977). Thus, failure to prove this requisite intent constitutes insufficient evidence to support a conviction. *Pfleging v. State*, supra; *Stuebgen v. State*, supra.

The record shows that on July 19, 1979, at about 12:50 p.m., appellant and a companion entered the First National Bank of Lubbock. Appellant approached Connie Shortes and asked her assistance in opening both checking and savings accounts. The appellant presented a check drawn on the account of a Lubbock service station and made payable to himself. However, the purported maker of the check was John J.C. O'Shea, a local attorney. Shortes recognized O'Shea's name and thought it unusual that he would be signing checks for a service station, so she called the service station owner who told her that the check had been stolen. Shortes immediately reported the circumstances to her supervisor who called the police. When the police arrived, they arrested appellant and his companion who were still seated at Shortes' desk. Appellant told the police that he had received the check in the mail earlier in the day. He stated that O'Shea

had been representing him in a personal injury case which had recently been settled and he thought the check was from O'Shea and represented his share of that settlement. At trial, O'Shea testified that he had been representing appellant in the personal injury case. Prior to the offense O'Shea had informed appellant that a settlement agreement had been reached but they had not yet received the actual settlement. O'Shea testified that he did not sign his name to the check.

We find the facts of the instant case remarkably similar to the facts in *Stuebgen v. State,* supra, and *Pfleging v. State,* supra. Just as in those cases, the State, in the instant case, proved that the instrument was in fact forged; but the State failed to present any evidence, circumstantial or otherwise, to show the appellant's knowledge that the instrument was forged or to show that appellant possessed the intent to defraud or harm. The appellant made no statement from which it could be inferred that he knew the instrument was forged. See: *Castanuela v. State,* 435 S.W.2d 146 (Tex.Cr.App.1968); *Golden v. State,* 475 S.W.2d 273 (Tex.Cr.App.1971); *Hilton v. State,* 443 S.W.2d 843 (Tex.Cr.App.1969); *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App.1973). Appellant was listed as the payee and he did not falsely represent himself. See: *Phillips v. State,* 488 S.W.2d 97 (Tex.Cr.App.1972). No evidence was introduced to show that anything appearing on the check was in appellant's handwriting. There was no showing of any connection between the check stolen from the service station and appellant prior to the time he said he received it in the mail. Finally, appellant made no attempt to flee after his attempt to deposit the check was thwarted. See: *Baker v. State,* 552 S.W.2d 818 (Tex.Cr.App.1977).

The State cites a number of cases in support of its argument that the evidence is sufficient. We have read the cases and find them to be distinguishable from the instant case, in that they each contain at least some circumstance that goes to show the defendant had knowledge that the instrument was forged. We find no such bit of evidence in the instant case. We hold that the evidence is insufficient to show that appellant had the intent to defraud or harm.

The judgment of the court is reversed and reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).