

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-14-00249-CR

_____

### DONALD LYNN RAMSEY AKA
### DONALD LYNN RAMSAY, APPELLANT

V.

### THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4502-13-07, Honorable Edward Lee Self, Presiding

_____

December 17, 2014

## DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Applying the precedent of *Stuebgen v. State*[1] and *Crittenden v. State*,[2] the majority reverses Appellant's forgery by passing conviction by finding the evidence insufficient to establish that Appellant knew the instrument was a forgery or that he had the requisite intent to defraud or harm another. Because I would distinguish the facts of

---

[1] *Stuebgen v. State*, 547 S.W.2d 29 (Tex. Crim. App. 1977).

[2] *Crittenden v. State*, 671 S.W.2d 527 (Tex. Crim. App. 1984).

this case from those in *Stuebgen* and *Crittenden*, and because I find there is sufficient circumstantial evidence to sustain Appellant's conviction, I respectfully dissent.

Although the underlying facts of this case are appropriately set out in the majority opinion, I will briefly summarize those facts pertinent to my analysis of the evidence. On June 11, 2013, Appellant went to the Booger Red Liquor Store in Tulia, Texas, where he was a regular customer, and cashed a check for $65. The check was made out to Appellant and was drawn on the account of Owens Motor Machine at Centennial Bank. The account belonged to J.E. Owens and his son, Jed Owens. A customer service representative of the bank testified that the account had two authorized signators, "J.E. Owens" and "J.J. Owens."

The check in question, check number 1313, was made out to Donald Ramsey and was signed by "Jim E. Owens." The memo section of the check reflected that it was for "contract labor." J.E. Owens testified that although he has signed checks in the past as "Jimmie E. Owens," he did not sign check number 1313 and he did not authorize anyone to sign it for him. He further testified that he did not authorize delivery of the check to Appellant and he did not write the words "contract labor" on the instrument. Jed Owens also testified that he did not sign the check or authorize its issuance. The clerk from the liquor store testified that she had previously been authorized by Jed Owens to cash Appellant's paychecks. Additional testimony established that Appellant had previously been employed by the Owens and had prior access to the location where the Owens Motor Machine checkbook was stored.

Omitting the formal parts, the indictment in the instant case charged that Appellant:

2

"did then and there, with intent to defraud or harm another, namely Jimmie E. Owens, an elderly individual 65 years of age or older, pass to Janna Parson, a forged writing, knowing such writing to be forged, and such writing had been so executed so it purported to be the act of Jimmie E. Owens, who did not authorize the act . . . ."

A person commits the offense of forgery if he forges an instrument with intent to defraud or harm another.[3] While it is true that the State must establish every element of the offense charged, the intent to defraud or harm another may be established by circumstantial as well as direct evidence. *Williams v. State*, 688 S.W.2d 486, 490 (Tex. Crim. App. 1985). In *Williams* the Court of Criminal Appeals found the evidence was sufficient to discharge the State's burden of showing that the accused acted with intent to defraud or harm another when it established he made an affirmative statement that he received the money order he was attempting to pass in exchange for work performed, when other evidence established that the instrument had been stolen.

The *Stuebgen* case is distinguishable. In that case the Court found that the element of "intent to defraud or harm another," found in section 32.21(b), necessarily implicated a culpable mental state that included "knowing [the forged instrument] was forged at the time of the passing," an element specifically required under the former Penal Code. *See* Articles 996, 979 VERNON'S ANN. PENAL CODE. *Cf.* TEX. PENAL CODE ANN. § 32.21(b) (West 2011). Similar to the facts of this case, in *Stuebgen* the accused passed a check made payable to himself and purportedly signed by his employer. The

---

[3] The definition of "forge" includes to "alter, make, complete, execute or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act . . . ." TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (West 2011). The definition also includes to "issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A)." *Id.* at § 32.21(a)(1)(B).

Court of Criminal Appeals held that since the accused made no statement from which it could be inferred that he knew the instrument was forged, the evidence was insufficient to discharge the State's burden of showing he acted with the intent to defraud or harm another. It should be noted, however, that unlike the record in this case, the record in *Stuebgen* does not reflect the forged instrument contained a memo concerning the purpose for which the instrument was given.

In *Crittenden* the Court of Criminal Appeals reversed a forgery conviction because the State failed to show the accused had knowledge that the instrument was forged. In that case, the accused attempted to open a checking and savings account by depositing a forged check. When the bank teller questioned the instrument and called the owner of the account, she was told the check had been stolen. The police were summoned and the accused explained he thought the check was from his attorney, representing proceeds from a personal injury case. Because there was no showing of any connection between the accused and the stolen check, he made no statements from which it could be inferred that he knew the check was stolen, and he made no attempt to flee after his attempt to deposit the check was thwarted, the Court found the evidence was insufficient to show that he had the intent to defraud or harm another.

I find that the instant case to be more appropriately governed by the holding in *Williams*. Here, similar to *Williams* and unlike *Stuebgen* and *Crittenden,* Appellant attempted to pass an instrument that clearly stated that it was given for a specific purpose, to-wit: "contract labor." Furthermore, the evidence established that he was a former employee of the purported maker of the check, had access to a checkbook from their account and passed the instrument at a location where he knew his "paychecks"

4

would be honored.  Reviewing the evidence in the light most favorable to the jury's verdict, the evidence in this case circumstantially establishes that Appellant passed the check under circumstances inferentially representing the check was given for services rendered.  As such, because the testimony of J.J. Owens and Jed Owens circumstantially established that the check was not issued to Appellant for services rendered, I believe a rational and fair-minded juror could conclude beyond a reasonable doubt that Appellant knew the instrument was forged when he passed it.  Accordingly, I would overrule Appellant's sufficiency issue and affirm the judgment of conviction.  *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).


                                        Patrick A. Pirtle
                                        Justice


Do not publish.