FILED IN
COURT OF CRIMINAL APPEALS

June 15, 2015

ABEL ACOSTA, CLERK

PD-0070-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/12/2015 12:14:48 PM
Accepted 6/15/2015 7:50:14 AM
ABEL ACOSTA
CLERK

No. PD-0070-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


DONALD LYNN RAMSEY                                          Appellant
a/k/a DONALD LYNN RAMSAY,


v.


THE STATE OF TEXAS,                                          Appellee


Appeal from Swisher County


\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

* The parties to the trial court's judgment are the State of Texas and Appellant, Donald Lynn Ramsey a/k/a Donald Lynn Ramsay.

* The trial Judge was Hon. Edward Lee Self.

* Counsel for the State at trial and before the Court of Appeals was Swisher County Attorney J. Michael Criswell, 119 South Maxwell, Tulia, Texas 79088.

* Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

* Counsel for Appellant at trial was Tina Davis-Rincones, 109 East 6th Street, Plainview, Texas 79072.

* Counsel for Appellant before the Court of Appeals was Troy Bollinger, 600 Ash Street, Plainview, Texas 79072.

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Does an appellate court give proper deference to a jury's forgery finding of intent to defraud or harm when it fails to consider the totality of the evidence and rational inferences therefrom?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-11

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

**Cases**

*Critteden v. State*.  671 S.W.2d 527 (Tex. Crim. App. 1984).. . . . . . . . . . . . . 10 n.3

*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006).. . . . . . . . . . . . . . . . 7-8

*Jackson v. Virginia*, 443 U.S. 307 (1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012).. . . . . . . . . . . . . . . . . 7

*Okonkwo v. State*, 398 S.W.3d 689 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . 6

*Ramsey v. State*, No. 07-14-00249-CR, 2014 Tex. App. LEXIS 13519 (Tex. App.—Amarillo Dec. 17,  2014) (not designated for publication).. . . . . . . .  passim

*Stuebgen v. State*, 547 S.W.2d 29 (Tex. Crim. App. 1977). . . . . . . . . . . . . . . . 8-9

*Williams v. State*, 688 S.W.2d 486 (Tex. Crim. App. 1985).. . . . . . . . . . . . . . . . 8

*Wise v. State*, 364 S.W.3d 900 (Tex. Crim. App. 2012).. . . . . . . . . . . . . . . . 10 n.2

**Statute**

TEX. PENAL CODE § 32.21(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. PD-0070-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


DONALD LYNN RAMSEY                                              Appellant
a/k/a DONALD LYNN RAMSAY,

v.

THE STATE OF TEXAS,                                             Appellee


Appeal from Swisher County


\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her Brief on the Merits.

**STATEMENT REGARDING ORAL ARGUMENT**

The Court did not grant oral argument.

1

## STATEMENT OF THE CASE

A jury convicted Appellant of forgery of a check by passing, enhanced because it was committed against an elderly person, and sentenced him to six years' imprisonment and assessed a $1,000 fine. The court of appeals, over a dissent, reversed and entered a judgment of acquittal, holding that the evidence was insufficient to show intent to defraud or harm. *Ramsey v. State*, No. 07-14-00249-CR, 2014 Tex. App. LEXIS 13519, at *6 (Tex. App.—Amarillo Dec. 17, 2014) (not designated for publication).

## ISSUE PRESENTED

**Does an appellate court give proper deference to a jury's forgery finding of intent to defraud or harm when it fails to consider the totality of the evidence and rational inferences therefrom?**

## STATEMENT OF FACTS

**Background**

Eighty-four-year-old Jimmie Owens and his son Jed owned Owens Motor Machine. 1 RR 131. Appellant worked for the Owens' for four to five months and lived at the business's shop. 1 RR 103, 133. Jed typically parked his work-truck inside the shop in the evenings and left it unlocked. 1 RR 134-35. Jed kept the business's checkbook in an inside pocket on one of the truck's doors. 1 RR 127, 134. Both Jimmie and Jed were signatories on the account. 1 RR 120, 131, 133-34.

2

Jimmie was listed as "J.E. Owens," and Jed was listed as "J.J. Owens." 1 RR 121, 123, 132, 136. Jimmie usually signed checks as "J.E. Owens," but sometimes signed as "Jimmie E. Owens."[1] 1 RR 123-24, 136. Jimmie always paid Appellant by check and included the notation "contract labor" on the memo line. 1 RR 125, 127. The Owens had previously given a nearby liquor store permission to cash Appellant's paychecks. 1 RR 150.

In June 2013, Appellant tendered a $65 check payable to him from the Owens Motor Machine account to the liquor store. 1 RR 151-52. Some of the money was used for goods, and the remainder was given to Appellant as change. 1 RR 151-52. The signature on the check read "Jim E. Owens," and "Contract Labor" was written in the memo line. 1 RR 135; State's Exhibit 2.

Neither Jimmie nor Jed had signed or issued the check to Appellant. 1 RR 124, 136. Jed testified that Appellant was their only employee in June 2013, as well as the preceding six months. 1 RR 136. He also believed that, with the exception of his father, Appellant was the only other person to have access to his truck. 1 RR 136-38. Jed acknowledged that other people sometimes stopped by the shop but stated that they typically just called him. 1 RR 139-40.

---

[1] Jimmie also explained that he signed checks with "Jimmie Owens" a long time ago. 1 RR 129.

**Court of Appeals**

A majority of the court of appeals held that the State failed to prove that Appellant intended to defraud or harm because there was no evidence that Appellant knew the check was forged. *Ramsey*, 2014 Tex. App. LEXIS 13519, at *6. It required evidence of the number of checks previously written and the name appearing on the signature line before a jury could "logically" infer that Appellant knew whether the signature was fake or genuine. *Id*. at *7. The majority also concluded that Appellant's knowledge of the forgery cannot be inferred from the fact that it was not signed "J.E. Owens." *Id*. at *6. Jimmie testified that he signed checks using "Jimmie Owens" and "Jimmie E. Owens." *Id*.

The dissent maintained that the evidence circumstantially established Appellant knew the check was forged. *Id*. at *12-13 (Prible, J., dissenting). When Appellant passed the check noting "Contract Labor" he inferentially represented it was given for services rendered, but the evidence showed that it was not. *Id*. at *12. Further, Appellant had access to the checkbook and passed it at a place he knew it would be honored. *Id*.

## SUMMARY OF THE ARGUMENT

The court of appeals erred to find the evidence insufficient to prove that Appellant, in passing a forged check, had the intent to defraud or harm because there was no evidence he knew it was forged. The evidence, in fact, established the contrary. He was the beneficiary, he had unlimited access to the checkbook, there was no evidence of an alternative perpetrator, the writing showed familiarity with the payor's customary style while slight deviations from that style showed it was fake, and Appellant passed it at a store where he knew it would not be questioned. Even if Appellant was not the forger, knowledge that it was a forgery was proven by the fact that the money was for work he knew he never performed.

## ARGUMENT

The court of appeals' consideration of the facts, and reasonable inferences drawn therefrom, was severely deficient. As a result, it failed to give proper deference to the jury's determination that Appellant knew the check was forged.

When reviewing the sufficiency of the evidence, all of the evidence is considered in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, the factfinder was justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The factfinder is the sole judge of credibility and weight given to the

evidence and is permitted to draw multiple reasonable inferences from facts when supported by the evidence *Id*. at 319. When there are conflicting inferences, it must be presumed that the factfinder resolved them in favor of the verdict. *Id*. at 326.

The offense of forgery includes the elements of intent to defraud or harm another. TEX. PENAL CODE § 32.21(b). Proof of those elements is established by showing that the actor knew the writing was forged. *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2012).

Giving proper deference to the jury's guilty verdict, the State satisfied its burden to prove that Appellant knew the check was forged because the evidence firmly established that Appellant stole the check, made it out to himself, and signed Jimmie's name.

First, Appellant was the beneficiary. There is no evidence that anyone else would be motivated to forge a check on his behalf.

Second, Appellant had unlimited access to the checkbook because he lived in the shop where it was kept in an unlocked truck. And, although it was not necessary to disprove an alternative reasonable hypothesis, the evidence does not support any alternative perpetrator. Though other employees had been in Jed's truck before, Appellant was the Owens' only employee in the four to six months before the check was passed. 1 RR 139-40. Jed also testified that most people called him instead of

6

stopping by the shop. 1 RR 139-40. And because he stored the truck in the shop overnight, the likelihood that persons who entered the shop during business hours had access to the truck is slight. 1 RR 134-35.

The forged check was close enough to show familiarity but imprecise enough to show it was forged. Having received checks from Jimmie in the past, Appellant knew the specific manner in which his paychecks were issued. Thus, it included the particular memo-line notation "Contract Labor." But the use of "Jim E. Owens" for the signature, a style that was never used by Jimmie when issuing checks, confirms Jimmie's testimony that it was not genuine.

The absence of evidence of "a description of the number of checks previously written to appellant and the particular name appearing on the signature line" is not fatal, as the majority stated. *Ramsey*, 2014 Tex. App. LEXIS 13519, at *7. According to the majority, such evidence was "necessary" before jurors could logically infer that Appellant knew the signature on the check at issue was fake. *Id.* However, the State's theory all along had been that Appellant knew the signature was fake because he signed it himself. Furthermore, reviewing courts are prohibited from speculating about what evidence was not presented at trial as a means to overturn a jury's verdict. *See Merritt v. State*, 368 S.W.3d 516, 520 (Tex. Crim. App. 2012); *Evans v. State*, 202 S.W.3d 158, 164 (Tex. Crim. App. 2006). Sufficiency is to be

7

assessed based on the evidence in the record and "juries trump both trial and appellate judges on weight-of-evidence determinations." *Evans*, 202 S.W.3d at 164.

Appellant's choice of venue for cashing the check is also consistent with his forgery scheme. As the court of appeals' dissent observed, he cashed it at the liquor store because he knew it would be honored without scrutiny. *Ramsey*, 2014 Tex. App. LEXIS 13519, at *12 (Prible, J., dissenting).

Finally, even if the evidence did not show that Appellant was the forger, it nonetheless showed he knew it was forged. As the dissent observed, Appellant did not actually do any work for the Owens' to warrant payment, so the "windfall" payment for his labor is inexplicable, as is his acceptance of payment of it. *Ramsey*, 2014 Tex. App. LEXIS 13519, at *12 (Prible, J., dissenting); *see also Williams v. State*, 688 S.W.2d 486, 490 (Tex. Crim. App. 1985) (intent to defraud or harm was shown, in part, by the defendant's statement that he had received the check for work performed when in fact the check had been stolen (i.e., clearly not for work performed)).

**This Court's Pre-Jackson Case of *Stuubgen* is Inapposite**

The majority also erred to conclude that this case is controlled by *Stuebgen v. State*, 547 S.W.2d 29 (Tex. Crim. App. 1977). *Ramsey*, 2014 Tex. App. LEXIS 13519, at *4-6. As in this case, the appellant was convicted of forgery for passing a

check belonging to his employer made payable to him with his employer's forged signature. *Stuebgen*, 547 S.W.2d at 31. This Court noted that the employer testified that appellant had been his employee, he normally paid employees by check, he kept the checkbook in his truck, and that three to five of his employees, including the appellant, rode in the truck at the time the check was forged. *Id*. Finding the evidence insufficient to show that the appellant knew the check was forged, the Court stated:

> In the instant case, the record reflects that appellant made no statement from which it could be inferred that he knew the instrument was forged. Appellant was listed as the payee, and appellant did not falsely represent himself. No evidence was introduced to show that anything appearing on the check was in appellant's handwriting. Although appellant had access to [his employer's] checkbook, and [his employer] normally paid his employees personally, we do not find that this evidence is sufficient to discharge the State's burden of showing that appellant acted with intent 'to defraud or harm' another.

*Id*. at 32.

*Stuebgen* has no application here. First, it is a pre-*Jackson v. Virginia*-era case. Therefore, *Jackson*'s ground rules about deferring to the jury's resolution of the facts was not yet established, and the Court did not apply such a standard on its own. In fact, the *Stuebgen* Court appeared to apply the now-defunct, reasonable alternative

hypothesis standard.[2] Under *Jackson*—as applied today—it is likely that this Court would reach the opposite conclusion.[3]

Next, even if *Stuebgen* is regarded as good law, the quantum of evidence in this case differs significantly from that in *Stuebgen*. Here, Appellant's access to the

---

[2] *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (the alternative reasonable hypothesis standard is no longer applicable when reviewing legal sufficiency).

[3] It is likely that the Court would also reach a different outcome today in *Critteden v. State*. 671 S.W.2d 527 (Tex. Crim. App. 1984). There, Crittenden presented a local service station's check, purporting to be issued by a local attorney, to be cashed at local bank. *Id*. at 527. Noting the oddity, the bank called the service-station-owner, who confirmed it was stolen. *Id*. The bank then called the police and, when they arrived, Critteden told them the check had arrived in the mail earlier in the day and that he thought it was part of his settlement for a case that the attorney had pursued on his behalf. *Id*. The attorney denied this, stating that, although a settlement had been reached, he had told Critteden he had not yet received the money. *Id*. at 528.

This Court held that the evidence was insufficient to show knowledge that the check was forged:

> No evidence was introduced to show that anything appearing on the check was in appellant's handwriting. There was no showing of any connection between the check stolen from the service station and appellant prior to the time he said he received it in the mail. Finally, appellant made no attempt to flee after his attempt to cash the check was thwarted.

*Id*.

Because he check was stolen, Crittenden was the beneficiary, the check was issued by his attorney, who did not even own the station, and Crittenden knew the money was not for his share of the settlement, the evidence would be sufficient under the *Jackson* standard.

10

checkbook was nearly exclusive, as opposed to *Stuebgen*'s three to five employees. Thus, there is no reasonable, alternative culprit here.[4] Additionally, the evidence strongly supports Appellant's identity as the forger. There is a nexus between Appellant and the check because of the obvious attempt to duplicate the unique manner in which Jimmie issued Appellant's paychecks.

**Conclusion**

The facts and circumstances surrounding the passing of the check support the finding that Appellant forged it himself and therefore intended to defraud or harm Jimmie Owens. This Court should reinstate Appellant's conviction.

---

[4] And again, the reasonable, alternative culprit theory relied upon in *Stuebgen* would be an improper application of the sufficiency standard today.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals

grant review and reverse the decision of the court of appeals.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

12

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 2,177 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the State's Petition for Discretionary

Review has been served on June 12, 2015, via certified electronic service provider to:


Hon. J. Michael Criswell
Swisher County Attorney
119 South Maxwell
Tulia, Texas 79088
swisherca@swisher-tx.org

Hon. Troy Bollinger
600 Ash Street
Plainview, Texas 79072
troy@laneybollinger.com


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

14