PD-0070-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/16/2015 6:02:21 PM
Accepted 7/17/2015 8:27:33 AM
ABEL ACOSTA
CLERK

## No. PD-0070-15

In the

## Court of Criminal Appeals

## Of the State of Texas

---

**Donald Lynn Ramsey, aka Donald Lynn Ramsay,** *Appellant*

**v.**

**STATE OF TEXAS,** *Appellee*

---

| **Trial Court** | **Appellate Court** |
| --- | --- |
| **Cause No. B-4502-13-07** | **Cause No. 07-14-00249-CR** |
| 242 District Court, Swisher County | Seventh District of Texas |
| of Hale County, Texas | at Amarillo |

---

## BRIEF OF DONALD LYNN RAMSEY ON THE MERITS

---

*TROY BOLLINGER*
**State Bar No. 24025819**
**600 Ash Street**
**Plainview, Texas 79072**
**Tel.: (806) 293-2618**
**Fax: (806) 293-8802**
troy@laneybollinger.com
**Attorney for Donald Ramsey**

## ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

*Appellant waives oral argument.*

## NAMES OF ALL PARTIES

*Appellant:*
   *DONALD LYNN RAMSEY*

*Counsel for Appellant on Appeal:*        *Counsel for Appellant at Trial:*
   *TROY BOLLINGER*                          **Tina Davis-Rincones**
   SBN: 24025819                             SBN: 24030776
   600 Ash Street                            109 East 6th Street
   Plainview, TX 79072                       Plainview, TX 79072
   (806) 293-2618                            (806) 429-0706
   (806) 293-8802 Fax
   troy@laneybollinger.com

*Counsel for the State before the Court of Criminal Appeals:*
   **Stacey M. Goldstein**, Assistant State Prosecuting Attorney
   PO Box 13046
   Austin, TX 78711
   (512) 463-1660
   (512) 463-5724
   information@spa.texas.gov

*Counsel for the State at Trial:*
   **J. Michael Criswell**, County Attorney of Swisher County, Texas
   SWISHER COUNTY ATTORNEY'S OFFICE
   Swisher County Courthouse
   119 South Maxwell Avenue
   Tulia, TX 79088
   (806) 995-2214


   Trial Judge:
         **THE HONORABLE ED SELF, Judge Presiding**

# TABLE OF CONTENTS

**HEADING**                                                           **PAGE #**

STATEMENT REGARDING ORAL ARGUMENT......................................................i

NAMES OF ALL PARTIES.............................................................................i

INDEX OF AUTHORITIES..........................................................................iii

STATEMENT OF THE CASE.........................................................................1

STATE'S ISSUE ........................................................................................1

RESPONSE TO STATE'S ISSUE...................................................................1

STATEMENT OF CONTESTED FACTS..........................................................2

    SOLE AND UNLIMITED ACCESS ...........................................................3

    KNOWLEDGE OF FORGERY ................................................................4

    CHECK FOR SERVICES RENDERED......................................................6

SUMMARY OF THE ARGUMENT .................................................................7

ARGUMENT .............................................................................................8

  APPLICATION OF FACTS TO STATE'S THEORY .......................................8

  ARGUMENT SUPPORTING THE COURT OF APPEALS.............................11

    SUMMARY ......................................................................................11

    STANDARD......................................................................................12

    APPLICATION .................................................................................13

    STATE IGNORES CLEAR LONG-STANDING PRECEDENT ...................15

    STATE'S ATTEMPT TO SHIFT THEIR BURDEN......................................16

    CONCLUSION ..................................................................................18

PRAYER ..................................................................................................19

CERTIFICATE OF SERVICE .......................................................................20

CERTIFICATE OF COMPLIANCE................................................................21

# <u>INDEX OF AUTHORITIES</u>

<u>CASE OR CITE</u>                                                                    <u>PAGE #</u>

**Cases**

***Clayton v. State***, 235 S.W.3d 772 at 778 (Tex. Crim. App. 2007)................................13
***Crittenden v. State***, 671 SW2d 527 (Tex. Crim. App. 1984)..................................8, 16
***Hernandez v. State***, 819 S.W.2d 806 (Tex. Crim. App. 1991).....................................14
***Jackson v. Virginia***, 443 U.S. 307 (1979) ...............................................................12, 13
***Laster v. State***, 275 S.W.3d 512 at 517 (Tex. Crim. App. 2009).................................12
***Pfleging v. State***, 572 S.W.2d 517 (Tex. Crim. App. 1978) .......................................15
***Ramsey,*** 07-14-00249-CR, Seventh Court of Appeals (this case) ...................1, 4, 5, 6
***Stuebgen v. State***, 547 SW 2d 29 (Tex. Crim. App. 1977) ................................8, 15, 16
***Tibbs v. Florida***, 457 U.S. 31 (1982)..............................................................................13
***Williams v. State***, 688 S.W.2d 486 at 488 (Tex. Crim. App. 1985) .........................14

Statutes

Texas Code of Criminal Procedure,. Article 38.08.......................................................18
Texas Penal Code, Chapter 32 .......................................................................................14
Texas Penal Code, Chapter 32.21(b) .............................................................................14
TEXAS RULES OF APPELLATE PROCEDURE, Rule 38.2(B) .................................2
TEXAS RULES OF APPELLATE PROCEDURE, Rule 68.11 .................................20
TEXAS RULES OF APPELLATE PROCEDURE, Rule 9.4) .....................................21
TEXAS RULES OF APPELLATE PROCEDURE, Rule 9.5 .....................................20

Constitutional Provisions

TEXAS CONSTITUTION, Article 1, Bill of Rights, Sec. 10. RIGHTS OF ACCUSED
   IN CRIMINAL PROSECUTIONS ............................................................................18
UNITED STATES CONSTITUTION, Amendment V..................................................18

**TO THE HONORABLE COURT OF CRIMINAL APPEALS**

## STATEMENT OF THE CASE

Appellant is satisfied with the State's description in its "Statement of the Case"

## STATE'S ISSUE

"***Does an appellate court give proper deference to a jury's forgery finding of intent to defraud or harm when it fails to consider the totality of the evidence and rational inferences therefrom?***"

## RESPONSE TO STATE'S ISSUE

The State's issue ignores the specific holding of the Memorandum Opinion. The ruling is that "*there was no evidence of record*"[1] that Mr. Ramsey knew the instrument was forged. One can neither 'consider the totality of' nor make 'rational inferences' from a null set.

---

[1] ***Ramsey,*** 07-14-00249-CR (this case in the lower Court), Memorandum Opinions, p4.

## STATEMENT OF CONTESTED FACTS

**TEXAS RULES OF APPELLATE PROCEDURE**, Rule 38.2(B) exempts the responding party from the requirement of creating a Statement of Facts unless they are "dissatisfied" with the opponent's briefing of the 'Facts'. In the present case, the State's description of the facts is stilted to obscure some very basic and necessary issues. Thus we must create a Statement of Facts to avoid confusion and an incorrect view of the evidence actually presented.

There are three specific areas in which the State's contention of 'Facts' is merely their interpretation and argument. These are:

- That Mr. Ramsey had the sole and "unlimited access" [State's PDR Brief (hereinafter SPDFB), p5] to the checkbook from which the check was allegedly drawn.

- That there was ANY evidence presented at trial that Mr. Ramsey knew the check was forged.

- That there was ANY evidence that the check was NOT for work performed by Mr. Ramsey.

SOLE AND UNLIMITED ACCESS

The State's assertion the Mr. Ramsey was the only person with access to the checkbook ignores important evidence from the actual record of the trial. A witness[2] did say, as the State alleges, that *he believed* that only the Complainant and Mr. Ramsey had access to his truck [RR, pp. 136-138]. However, that belief of sole access was immediately belied in the testimony at trial.

The Complainant testified that the checks for Owen's Machine Shop were stored in his son's (Jed Owens) pickup [RR, p126]. Jed Owens confirmed that this checkbook was stored in **his** work truck at the shop with the doors unlocked [RR, pp. 134-135].

He ***initially*** testified that Appellant was the only person with access to his work truck[3] [RR, p136]. However, this statement was recanted. Testimony was specifically entered that there were ***two*** checkbooks for the account [RR, pp. 140-141]. The other one was in the continuous possession of his father[4]. More importantly, under

---

[2] Complainant's son
[3] As was conceded above.
[4] The complainant

3

cross-examination, Jed Owens admitted that that several other individuals had access to the checkbook [RR, pp. 139-140].

A simple reading of the Trial Record shows, conclusively, that Mr. Ramsey did ***not*** have sole or 'unlimited' access to the check in question.

## KNOWLEDGE OF FORGERY

The State goes a long way in its Statement of 'Facts' to imply evidence that Mr. Ramsey knew the check was forged. That evidence is simply not there. This is the primary ground upon which the Seventh Court of Appeals reversed. The Opinion from that Honorable Court States:

- "The record contains no evidence illustrating who wrote that information on the item. Nor does it contain evidence indicating that the handwriting on the instrument was similar to that of the appellant"[5],

---

[5] ***Ramsey,*** 07-14-00249-CR (this case in the lower Court), Memorandum Opinions, p2.

- "There was no evidence about whether she [receiver of the check] recognized the signature as genuine"[6], and ***most important***,

- "Simply put, there is no evidence of record … that the appellant knew the instrument was forged"[7].

Because of this lack of evidence, the Seventh reversed. The State's Statement of 'Facts' attempts to **create** evidence of knowledge where it simply was not presented at the trial.

The State says that "Neither Jimmie nor Jed had signed or issued the check to Appellant" [SPDRB, p3]. This was a contention of the State, but not a proven fact. The Complainant testified that he did not sign that check and that he authorized no one else to do so. [RR, p124]. He did, however, admit to requiring pain pills and that they could possibly make him forget things [RR, p130]. He admitted that he had written out similar checks to Mr. Ramsey and they would have been substantially similar to the check in question [RR, pp. 125-126]. No handwriting expert examined the check to compare to the handwriting of either the Complainant or to Mr. Ramsey. Neither

---

[6] ***Ramsey***, at 3.
[7] ***Ramsey***, at 4.

the Bank examiner [RR, pp. 121-122, the lady who received the check, nor the Complainant's son [RR, p131] testified that the signature on the check was not that of the Complainant.

Even if we defer to the State's belief that the check was not written out by the Complainant, there is simply no evidence of record that Mr. Ramsey *knew* the check was forged[8].

### CHECK FOR SERVICES RENDERED.

The State asserts that "evidence showed" [SPDRB, p4] that the check in this question was not for services rendered. They propound that '*forgery was proven by the fact that the money was for work he knew was never performed*' [SPDRB, p5] and that Mr. Ramsey '*did not actually do any work for the Owens*' [SPDRB, p8]. It is very interesting to note that the only support for this '*fact*' is one cite to Justice Pirtle's Dissenting Opinion. If any of the members of this Honorable Court wonder at this, the Defense offers a simple reason. THIS FACT IS NOT SUPPORTED IN THE TRIAL RECORD. In fact, it directly controverts the testimony in this case at trial.

---

[8] As Chief Justice Quinn states unreservedly in *Ramsey*, p4.

Mr. Ramsey worked for the Owens. This is the uncontroverted testimony of both State fact witnesses [RR, pp 125 &133]. He was allowed to live in their shop while he was working for them [RR, p 133]. He was paid for his work with checks similar to the one in question in this case [RR, p 125].

The clear evidence at the trial is that Mr. Ramsey was fired from the Owen's employment only when the younger Owens learned of the problems with this check [RR, pp. 138-139].

The only evidence the record shows is that Mr. Ramsey WAS working for the Complainant. That is all the testimony, and the rational inferences that testimony can suggest. The State's assertion otherwise is disingenuous at best.

## SUMMARY OF THE ARGUMENT

1) The State's analysis and 'fact' presentation is flawed at best. There is no evidence of record that Mr. Ramsey knew the instrument was forged.

2) The State is asking this Honorable Court to specifically overrule *Stuebgen v. State*[9] and *Crittenden v. State*[10] and nullify over thirty years of standing precedent.

## ARGUMENT

### *APPLICATION OF FACTS TO STATE'S THEORY*

The State sums up its argument that Mr. Ramsey knew the check was stolen thusly [SPDRB, p5]. The Defense has provided specific counterpoints.

i.   *He was the beneficiary,*

Being the beneficiary of a check is no evidence that the receiver knew or should have known the check was forged, especially when the check was made out exactly as a check he should have received (and had in fact received in the past).

ii.   *he had unlimited access to the checkbook,*

The Defense has already shown this 'fact' to be incorrect, and will thus not belabor this Honorable Court with more repetition.

---

[9] *Stuebgen v. State*, 547 SW 2d 29 (Tex. Crim. App. 1977)
[10] *Crittenden v. State*, 671 SW2d 527 (Tex. Crim. App. 1984)

*iii.*    *there was no evidence of an alternative perpetrator,*

As the State's own brief points out, any 'alternative perpetrator' is irrelevant [SPDRB, pp. 6, 9, 10, & 11]. Additionally, this 'fact' relies on an impermissible shifting of the burden. How does this factor in ***any way*** relieve the State's burden of providing evidence of Mr. Ramsey's knowledge or intent? The answer, of course, is that it does not.

*iv.*    *the writing showed familiarity with the payor's customary style while slight deviations from that style showed it was fake*, and

Here the State really shows the distance from which they have shifted from the facts in the Record and the requisite burden of proof. The State is saying that because the check looked like other proper checks, then Mr. Ramsey knew it was forged. This is ludicrous. One might infer knowledge when the check was substantially different. Imputing knowledge from the fact the check looked correct is just goofy.

"Slight deviations from that style" is a complete creation of the State. One must ask: *What deviations were proven that any person should have noticed*?

The Complainant testified to signing a multitude of different names [RR, pp. 128-129]. ***Nobody*** testified that the signature was not similar or even the same[11]. The check had a memo line that was the same as other unchallenged checks. When Mr. Owens wrote a paycheck, he wrote 'contract labor' in the memo field on the checks [RR, p125]. Each check J. E. Owens did create would have looked exactly like Check #1313 did. These 'variations' exist nowhere ***in the record*** and appear only in the mind of the State's attorneys.

v. *Appellant passed it at a store where he knew it would not be questioned.*

The State attempted to show that Mr. Ramsey passed a paycheck in the store he had been permitted to use to cash such checks [RR, p150]. This is the store that the Complainant had taken him to cash his check before [RR, pp. 126 & 150 ]. This is the store that is "a block and a half" from the shop in which he was living [RR, p142]. The State's argument that this is evidence of ***anything*** is ridiculous. This is exactly where anyone would go

---

[11] As discussed above

with a valid check in these circumstances. If Mr. Ramsey did pass the check, going *anywhere else* would have been suspicious[12].

vi. *knowledge that it was a forgery was proven by the fact that the money was for work he knew he never performed*

As discussed above, this is simply not a statement supported by the record. In fact, it flies directly in the face of all the testimony in the trial. Mr. Ramsey did work for, and live in the shop of, the Complainant.

## *ARGUMENT SUPPORTING THE COURT OF APPEALS*
SUMMARY

Neither access to an instrument nor even passing an instrument creates the *presumption* of intent to harm or defraud. The State failed to produce any evidence, circumstantial or otherwise, to demonstrate that Mr. Ramsey had the requisite *mens rea* to be found guilty of this offense. The Seventh Court of Appeal reversed the Trial Court on the basis of well-established precedent. The State has produced nothing that would require this Honorable Court to void that proper judgement.

---

[12] But still no evidence that Mr. Ramsey knew the check was forged.

## STANDARD

The Supreme Court established the standard for evidentiary sufficiency in ***Jackson v. Virginia***[13]. Under the ***Jackson*** standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt[14]. Evidence is insufficient under this standard in four circumstances:

*(1) the record contains no evidence probative of an element of the offense;*

*(2) the record contains a mere modicum of evidence probative of an element of the offense;*

*(3) the evidence conclusively establishes a reasonable doubt; and*

*(4) the acts alleged do not constitute the criminal offense charged*[15].

The ***Jackson*** standard acknowledges the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts[16]. Any

---

[13] ***Jackson v. Virginia***, 443 U.S. 307 (1979)
[14] ***Jackson***, at 317-319 and ***Laster v. State***, 275 S.W.3d 512 at 517 (Tex. Crim. App. 2009).
[15] ***Jackson***, at 314; and ***Laster***, at 518.
[16] ***Jackson***, at 318-319; and ***Clayton v. State***, 235 S.W.3d 772 at 778 (Tex. Crim.

reviewing court presumes the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, *provided* that the resolution is rational and supported by the record[17].  An Apellate Court may not, however, create evidence of an element where none appears in the record.

If an appellate court finds the evidence insufficient under this very stringent standard, it **must** reverse the judgment and enter an order of acquittal[18].

## APPLICATION

There are several offenses under the **Texas Penal Code** that contain the intent to defraud or harm as an element of the offense. Among them are forgery, credit card or debit card abuse, fraudulent transfer of a motor vehicle, and securing execution of a document by deception[19].  Forgery is specifically defined: "*A person commits an offense if he forges a writing with intent to defraud or harm another*"[20].

---

App. 2007).
[17] ***Jackson***, at 326.
[18] ***Tibbs v. Florida***, 457 U.S. 31 (1982).
[19] **Texas Penal Code**, Chapter 32.
[20] **Texas Penal Code**, Chapter 32.21(b).

A person acts with intent when it is his conscious objective or desire to engage in the conduct or cause the result[21]. The Defense acknowledges that the intent to harm or defraud may be proven by circumstantial evidence[22]. Unless a Defendant concedes intent at trial, the State must necessarily rely on circumstantial evidence to establish that element of the offense. The totality of the evidence here, however, falls well short of anything that may have supported such an inference in other cases. The State merely proved that Mr. Ramsey had access to the instrument. We will assume additionally, for the purposes of argument, that the State proved that Mr. Ramsey passed the check. What they did not prove or even address at trial was the intent required to support a criminal conviction.

When the intent to harm or defraud is an element of the offense, the State must prove facts from which such intent is deducible *beyond a reasonable doubt* and in the absence of such proof, the conviction cannot stand[23].

---

[21] ***Hernandez v. State***, 819 S.W.2d 806 at 810 (Tex. Crim. App. 1991).
[22] ***Williams v. State***, 688 S.W.2d 486 at 488 (Tex. Crim. App. 1985).
[23] ***Stuebgen v. State***, at 32.

As discussed at length above, there is no evidence establishing that Mr. Ramsey had the intent to defraud or harm the complainant or any other person. The inclusion of the requirement "with intent to defraud or harm," in the Forgery statute precludes any interpretation that the presentation or passing of a forged instrument is a per se violation. Since no evidence of record is available to show intent to defraud or harm, the conviction must be reversed[24].

## STATE IGNORES CLEAR LONG-STANDING PRECEDENT

Established precedent exists directly on point to the issues of this case. These were fully enumerated by the Appellate Court. Still, the State is asking this Honorable Court to ignore this precedent, remove a required burden from the State, and specifically overrule existing case law that has been binding precedent for over thirty years.

The Memorandum Opinion of the Seventh Court of Appeals clearly discusses the direct correlation between this case and *Stuebgen*. We will not indulge in repetition of Chief Justice Quinn's analysis.

---

[24] *Pfleging v. State*, 572 S.W.2d 517 at 520 (Tex. Crim. App. 1978).

*Crittenden v. State*[25] is also directly on point.  In the *Crittenden* opinion, the Court of Criminal Appeals reversed the defendant's forgery conviction because the evidence was legally insufficient to show the intent to defraud.  In *Crittenden*, as in this case, the Defendant did not make any statements from which an inference that he knew the instrument was forged could be made.  In this case, as in *Crittenden*, the Defendant's presumption of innocence could not be disregarded.  The State has the burden to prove guilt beyond a reasonable doubt and the burden cannot be shifted to the defendant to prove he was not guilty.  This the State has attempted here.

## STATE'S ATTEMPT TO SHIFT THEIR BURDEN

The State's attempt to relying on the non-existent 'facts' of "unlimited access", "slight deviations" and "the money was for work he knew was never performed" [SPDFB, p5] are not the end of their shenanigans.  Equally offensive is their subtle attempt to shift the burden of proof to Mr. Ramsey.  In the State's brief they point to the

[25] *Crittenden v. State*, 671 S.W.2d 527 (Tex. Crim. App. 1984)

16

absence of "alternative perpetrator" evidence [SPDFB, pp. 6 & 11] as support for the Appellant's conviction.

The State has the **sole** burden of proof and it failed to present any evidence of Mr. Ramsey's requisite mental state. The State argues that the intent to defraud or harm can be inferred by Mr. Ramsey's failure to show an 'alternative culprit'. This reasoning can only rest on the fact that Mr. Ramsey did not produce evidence or testify to provide an explanation for his possession of the instrument or an indication of whom else might have created the instrument.

Accepting this State's argument would render a defendant's mere possession or passing of an instrument, coupled with that defendant's decision not to testify at trial, sufficient evidence of intent to defraud. This cannot be given **any** credence as it flies in the face of the fundamental law of the land.

"**No person shall be ... compelled in any criminal case to be a witness against himself.**[26]"

"**In all criminal prosecutions the accused ... shall not be compelled to give evidence against himself**[27]"

---

[26] **UNITED STATES CONSTITUTION**, Amendment V

**"The failure of any defendant to so testify shall not be taken as a circumstance against him.[28]"**

## CONCLUSION

The Seventh Court of Appeals clearly laid out the failures of proof at the Trial Court level. The State's brief fails to point to any **actual** facts or logic to support ignoring those failures. The State instead points to non-existent 'facts' in the record, ignores a specific element of proof, and requests this Honorable Court to ignore or specifically overturn existing precedent. Nothing in this case supports any of these results.

## PRAYER

Appellant prays this Honorable Court sustain these arguments, deny the remedy requested by the State, and sustain the decision of the Seventh Court of Appeals in this matter.

---

[27] **TEXAS CONSTITUTION**, *Article 1, Bill of Rights*, Sec. 10. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS.
[28] **Texas Code of Criminal Procedure**,. Article 38.08.

*Respectfully Submitted,*

*/s/ Troy Bollinger*

_____

*TROY BOLLINGER*

**State Bar No. 24025819**
**600 Ash Street**
**Plainview, Texas 79072**
**Tel.: (806) 293-2618**
**Fax: (806) 293-8802**
**troy@laneybollinger.com**
**Attorney for Appellant**

**CERTIFICATE OF SERVICE**


Pursuant to **Tex. R. App. Pro. R. 9.5(a) & (e) and 68.11**, I certify that on or before July 16, 2015, Appellate Counsel served a copy of the attached document to the District Attorney's Office for Swisher County and the State's Assistant Prosecuting Attorney, and mailed a copy to Appellant, Donald Ramsey.



*/s/ Troy Bollinger .*

*TROY BOLLINGER*
  *Counsel for the Appellant*

**CERTIFICATE OF COMPLIANCE**

*I, Troy Bollinger, attorney for Donald Ramsey, certify that this document was generated by a computer using Microsoft Word which indicates that the word count of this document is 3,747 words as required by Tex. R. App. P. 9.4 (i).*

*/s/ Troy Bollinger .*

*TROY BOLLINGER*
*Counsel for the Appellant*